BUTLER SNOW LLP
TARA L. BLAKE (CA-314471)
Tara.Blake@butlersnow.com
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, Tennessee 37201
Telephone:  (615) 651-6700,
Facsimile:  (615) 651-6701

ATTORNEY FOR PLAINTIFF, SUNBELT RENTALS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC., a/k/a SUNBELT RENTALS – REGION 8.<br><br>Plaintiff,<br><br>v.<br><br>T.B. PENICK AND SONS, INC.,<br>PR III/WOOD POTRERO HILL, LLC, and<br>COMERICA BANK.<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>Date:    June 17, 2020<br>Judge:   _____ |

Plaintiff, Sunbelt Rentals, Inc., a/k/a Sunbelt Rentals – Region 8 ("Sunbelt") files this complaint against T.B. Penick and Sons, Inc. ("TB Penick"), PR III/Wood Potrero Hill, LLC ("PR III"), and Comerica Bank.

**Parties**

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant TB Penick is a corporation formed under the laws of California. Its principal place of business is in California.

3. Defendant PR III is a limited liability company, formed in Delaware and authorized to do business in California. Upon information and belief, none of its members are resident citizens of the State of North Carolina or the State of South Carolina.

1
COMPLAINT
CASE NO. _____

4. Defendant Comerica Bank is a Texas banking association.

**Jurisdiction**

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

**Venue**

6. Venue is proper in this Court because "a substantial part of the property that is the subject of the action is situated" within the Northern District of California. 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 84(a).

7. The property at issue is located in San Francisco County, and thus assignment to the San Francisco or Oakland division is appropriate. L.R. 3.2(d).

**Facts**

8. Sunbelt rents equipment to its customers for use primarily in construction projects across the country.

9. TB Penick is a contractor.

10. TB Penick had an open account with Sunbelt through which TB Penick could rent equipment from Sunbelt on credit.

11. During 2019, Sunbelt rented certain equipment (the "Equipment") to TB Penick for TB Penick's use on a construction project commonly known as the Alta Potrero Hill project, located at 1301 16th Street, San Francisco, California 94107 ("the Project").

12. TB Penick did not fully pay Sunbelt the rental charges for the Equipment.

13. TB Penick agreed to Sunbelt's Terms and Conditions (the "Rental Contract," attached as Exhibit 1).

14. The Rental Contract was incorporated into the invoices, and one such invoice, digitally signed by Craig Martin on behalf of TB Penick, is attached as Exhibit 2 as an exemplar.

15. Unpaid invoices (the "Invoices") reflecting the Equipment TB Penick rented from Sunbelt and the associated rental fees are attached as Exhibit 3.

16. An account summary that includes the amounts of all of the Invoices is attached as Exhibit 4.

17. Exhibit 4 reflects that as of March 6, 2020, the total unpaid principal amount of the Invoices is $275,438.37 (the "Principal Amount").

18. The Rental Contract provides for a service charge that accrues at a rate of 1.5% per month on the balance of delinquent invoices until the invoices are fully paid. *See* Exhibit 1, § 12.

19. The Rental Contract provides that Sunbelt can recover from TB Penick its reasonable attorneys' fees and costs incurred in efforts to collect amounts TB Penick owes Sunbelt. *See* Exhibit 1, § 15.

20. Upon information and belief, PR III is the owner of the Project and/or the real property located at 1301 16th Street, San Francisco, California 94107 ("the Property").

21. Upon information and belief, TB Penick was the general contractor on the Project.

22. Upon information and belief, Defendant Comerica Bank was the lender on the Project and is included in this action to comply with California law requiring the inclusion of all parties with an interest in the property.

23. TB Penick did not fully pay Sunbelt for the use of the Equipment that Sunbelt rented to TB Penick.

24. In accordance with Cal. Civ. Code § 8200, Sunbelt timely gave preliminary notice to the owners, a copy of which is attached as Exhibit 5.

25. On April 7, 2020, Sunbelt filed a lien (the "Lien," attached as Exhibit 6) in the amount of $275,360.40 (the "Lien Amount") in San Francisco County, California.

26. A copy of the Lien was timely served on the project owners pursuant to Cal. Civ. Code § 8416.

27. All conditions precedent for the perfection of Sunbelt's Lien on the Project and Property and enforcement of the Lien have been satisfied.

28. The recoverable attorneys' fees and costs incurred for the prosecution of this case, together with the principal amount described in ¶ 17 and the interest described in ¶ 18 above will

exceed the jurisdictional minimum provided in 28 U.S.C. § 1332. *See Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018*)* (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met").

### **Claim 1 – Breach of Contract**

29. Sunbelt incorporates the previous allegations presented in this Complaint.

30. The Rental Contract and the Invoices constitute the contract between Sunbelt and TB Penick.

31. Under the terms of the contract, TB Penick agreed to pay Sunbelt for rental of the Equipment.

32. TB Penick breached that contract by not fully paying Sunbelt for its rental of the Equipment.

33. Sunbelt suffered damages because of TB Penick's breach of contract.

### **Claim 2 – Lien Enforcement**

34. Sunbelt incorporates the previous allegations contained in this Complaint.

35. Sunbelt has a valid lien on the Property to secure payment for the Equipment it rented to TB Penick to be used in connection with the Project.

36. Sunbelt is entitled to an order allowing it to foreclose on the Property and use the proceeds of the foreclosure to satisfy Sunbelt's lien.

### **Demand for Relief**

ACCORDINGLY, Sunbelt respectfully requests that the Court enter a judgment in Sunbelt's favor and against the Defendants granting the following relief:

i. declaring that Sunbelt has a properly perfected lien on the Property and the Project for the Principal Amount,

ii. ordering foreclosure and sale of the Property and Project to satisfy Sunbelt's Lien;

iii. making TB Penick liable to Sunbelt for the following:
   - the Principal Amount,

- service charges that have accrued and that will continue to accrue until the Principal Amount is fully paid,

- all other damages Sunbelt has suffered,

- Sunbelt's reasonable and necessary attorneys' fees and costs,

- prejudgment interest,

- post-judgment interest, and

- any other relief that the Court deems appropriate.

Dated: June 17, 2020

Respectfully submitted,

SUNBELT RENTALS, INC.

By: */s/ Tara L. Blake*
Tara L. Blake (CA-314471)
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, Tennessee  37201
Telephone:     (615) 651-6700
Facsimile:     (615) 651-6701
Tara.Blake@butlersnow.com

*Attorney for Sunbelt Rentals Inc.*

53029745.v1