MARKS, GOLIA & PINTO, LLP
DAVIDE GOLIA (118464)
2240 Fifth Avenue
San Diego, California 92101
Telephone: (619) 202-0175
Facsimile: (619) 795-2730
E-mail: dave@marksgolia.com
E-mail: sara@marksgolia.com

Attorney for Defendant and Cross-Claimant
    T.B. PENICK & SONS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNBELT RENTALS, INC. a/k/a SUNBELT RENTALS – REGION 8<br><br>    Plaintiff,<br><br>    v.<br><br>T.B. PENICK AND SONS, INC.,<br>WP WEST BUILDERS CALIFORNIA L.P., and RLI INSURANCE COMPANY,<br><br>    Defendants.<br><br>T.B. PENICK AND SONS, INC., a California corporation,<br><br>    Cross-Claimant,<br><br>    v.<br><br>WP WEST BUILDERS CALIFORNIA L.P., a Georgia limited partnership;<br>PR III/WOOD POTRERO HILL, LLC, a Delaware limited liability company; and<br>WOOD REAL ESTATE INVESTORS, LLC, dba WOOD PARTNERS, Delaware limited liability company,<br><br>    Cross-Defendants. | CASE NO.: 4:20-cv-04039-YGR<br><br>JUDGE:   Hon. Yvonne Gonzalez Rogers<br><br>**T.B. PENICK & SONS, INC.'S CROSS-CLAIMS AGAINST WP WEST BUILDERS CALIFORNIA L.P., PR III/WOOD POTRERO HILL, LLC, AND WOOD REAL ESTATE INVESTORS, LLC, dba WOOD PARTNERS**<br><br>Complaint Filed:   June 17, 2020<br>Amended Complaint Filed:   July 21, 2020<br><br>**[DEMAND FOR JURY TRIAL]** |

1

CROSS-CLAIMS OF T.B. PENICK & SONS, INC. –
CASE NO.: 4:20-cv-04039-YGR

Defendant and Cross-Claimant T.B. Penick & Sons, Inc. ("Penick") files these cross-claims against WP West Builders California L.P., PR III/Wood Potrero Hill, LLC, and Wood Real Estate Investors, LLC, dba Wood Partners (collectively "Cross-Defendants"), as follows:

## PARTIES

1. Penick is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of California, and licensed by the State of California to perform the work described below.

2. Penick is informed and believes defendant and cross-defendant WP West Builders California L.P. ("West") is, and at all relevant times was, a Georgia limited partnership doing business in California, with its principal place of business in Georgia. Penick is informed and believes none of West's partners are resident citizens of California.

3. Penick is informed and believes cross-defendant PR III/Wood Potrero Hill, LLC ("Wood Potrero") is, and at all relevant times was, a Delaware limited liability company, doing business in California, with its principal place of business in New Jersey. Penick is informed and believes none of Wood's members are resident citizens of California.

4. Penick is informed and believes cross-defendant Wood Real Estate Investors, LLC, doing business as Wood Partners ("Wood Partners") is, and at all relevant times was, a Delaware limited liability company, doing business in California, with its principal place of business in Georgia. Penick is informed and believes none of Wood Partners' members are resident citizens of California.

5. Penick is informed and believes plaintiff Sunbelt Rentals, Inc. a/k/a Sunbelt Rentals – Region 8 ("Sunbelt") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of North Carolina, doing business in California, with its principal place of business in South Carolina.

/ / / /
/ / / /
/ / / /
/ / / /

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1367 as to Penick's cross-claims as they arise out of the same case or controversy as alleged in the Amended Complaint filed by Sunbelt.

7. Jurisdiction is also proper under 28 U.S.C. § 1332 as to Penick's cross-claims because the matters in controversy exceed $75,000.00, exclusive interest and costs, and are between citizens of different states.

8. Permissive joinder of Wood Potrero and Wood Partners (collectively "Wood") as cross-defendants in this action is proper under Fed. R. Civ. P. 20(a) as these cross-claims arise out of the same transaction or occurrence as alleged in the Amended Complaint filed by Sunbelt, and a question of law or fact common to all defendants and cross-defendants will arise in the action.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to these cross-claims occurred, the Project at issue is situated, and the contracts at issue were executed and/or performed, in this judicial district.

## FACTUAL BACKGROUND

10. This action arises out of a private work of improvement known as Alta Potrero Hill ("Project"), located at 1301 16th Street, San Francisco, California, and associated with Assessor's Parcel Number 3954-016 ("Property").

11. The owner and/or reputed owner of the Property is Wood.

12. Wood, as Project owner, and Penick, as contractor, entered into a contract on or about December 5, 2017, in connection with the Project ("Construction Contract"), a true and correct copy of which is attached as Exhibit 1 to this pleading and incorporated herein by reference.

13. On or about December 11, 2017, Penick began construction on the Project pursuant to the Construction Contract.

14. On or about October 7, 2019, Wood requested that Penick assign the Construction Contract to West, so that West could complete construction of the Project.

/ / / /

/ / / /

/ / / /

CROSS-CLAIMS OF T.B. PENICK & SONS, INC. –
CASE NO.: 4:20-cv-04039-YGR

15. On or about February 29, 2020, Penick, West, and Wood entered into an agreement, structured as Owner Change Order Number 25 under the Construction Contract and including Exhibit A titled Assignment and Assumption of Project Documents ("Assignment"), a partially executed copy of which is attached as Exhibit 2 to this pleading and incorporated herein by reference. Penick is informed and believes that the Assignment attached as Exhibit 2 is a true and correct copy of the Assignment fully executed by all parties.

16. On or about July 21, 2020, Sunbelt filed the Amended Complaint in this action, asserting that Penick is liable for, among other things, damages allegedly resulting from Cross-Defendants' failure to perform their obligations under the Assignment ("Sunbelt's Claims").

**FIRST CROSS-CLAIM FOR RELIEF**

(Equitable Indemnity – Against West)

17. Penick realleges and incorporates by reference paragraphs 1 through 16, above, as though set forth in full at this point.

18. Sunbelt's Claims are ones for which West may be responsible.

19. To the extent Penick is liable to Sunbelt for Sunbelt's Claims (which liability is denied), West is liable to Penick for those claims, due to West's failure to perform its obligations under the Assignment.

20. By reason of the foregoing, and in equity and good conscience, Penick is entitled to recover from West all damages or losses that may be incurred by Penick with respect to Sunbelt's Claims.

**SECOND CROSS-CLAIM FOR RELIEF**

(Breach of Contract [Count 1] – Against West)

21. Penick realleges and incorporates by reference paragraphs 1 through 20, above, as though set forth in full at this point.

22. Penick performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Assignment, or was excused from performance.

/ / / /

23. Within the last four years, West breached the Assignment by, among other things, failing to properly perform its Assignment obligations, including its failure to pay Sunbelt amounts allegedly owed.

24. As a direct and proximate result of West's breaches of the Assignment, Penick has been damaged in a sum not yet fully ascertained and according to proof at trial, but at least $75,000.00, together with interest at the maximum legal rate from dates according to proof.

25. Pursuant to the Assignment, Penick is entitled to an award of its reasonable attorneys' fees, costs, and expenses.

## THIRD CROSS-CLAIM FOR RELIEF

(Breach of Contract [Count 2] – Against Wood Potrero and Wood Partners)

26. Penick realleges and incorporates by reference paragraphs 1 through 16, above, as though set forth in full at this point.

27. Penick performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Assignment, or was excused from performance.

28. Within the last four years, Wood breached the Assignment by, among other things, failing to properly perform its Assignment obligations including failure to pay Penick its retention.

29. As a direct and proximate result of Wood's breach of the Assignment, Penick has been damaged in a sum not yet fully ascertained and subject to proof but approximately $1,053,174.90, together with interest at the maximum legal rate from dates according to proof.

30. Pursuant to the Assignment, Penick is entitled to an award of its reasonable attorneys' fees, costs, and expenses.

31. Pursuant to California Civil Code section 8818, Penick is entitled to recover prompt payment penalties of two percent per month and attorneys' fees due to Wood's failure to timely make retention payments to Penick.

/ / / /

/ / / /

/ / / /

**FOURTH CROSS-CLAIM FOR RELIEF**

(Breach of Contract [Count 3] – Against Wood Potrero and Wood Partners)

32. Penick realleges and incorporates by reference paragraphs 1 through 16 and 26 through 31, above, as though set forth in full at this point.

33. Penick performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Construction Contract, or was excused from performance.

34. Within the last four years, Wood breached the Construction Contract by, among other things, failing to fully pay Penick for the work it performed.

35. As a direct and proximate result of Wood's breach of the Construction Contract, Penick has been damaged in a sum not yet fully ascertained and subject to proof but approximately $1,053,174.90, together with interest at the maximum legal rate from dates according to proof.

36. Pursuant to the Construction Contract and California Civil Code section 1717, Penick is entitled to an award of its reasonable attorneys' fees and costs to be determined by the court.

37. Pursuant to California Civil Code sections 8800 and 8818, Penick is entitled to recover prompt payment penalties of two percent per month and attorneys' fees due to Wood's failure to timely make payments to Penick.

**FIFTH CROSS-CLAIM FOR RELIEF**

(Reasonable Value – Against Wood Potrero and Wood Partners)

38. Penick realleges and incorporates by reference paragraphs 1 through 16, above, as though set forth in full at this point.

39. Within the last two years, Penick furnished labor, materials, equipment, and supplies to the Project at Wood's insistence and request, who promised to pay Penick the reasonable value of such labor, equipment, materials and supplies. Wood accepted and used the labor, equipment, materials and supplies furnished by Penick in connection with the Project.

/ / / /

/ / / /

/ / / /

40. The total and reasonable value of the labor, equipment, materials, and supplies Penick furnished to Wood for the Project, but for which Wood has not paid Penick, is subject to proof but approximately $1,053,174.90. Despite Penick's demand, the principal amount due and owing to Penick is approximately $1,053,174.90, together with interest at the maximum legal rates from dates according to proof.

## SIXTH CROSS-CLAIM FOR RELIEF

(Foreclosure of Mechanics Lien – Against Wood Potrero, Wood Partners and West)

41. Penick realleges and incorporates by reference paragraphs 1 through 16 and 26 through 40, above, as though set forth in full at this point.

42. Penick furnished labor, services, equipment and/or materials that were actually used in the Project, a work of improvement on the Property, for which it has not been compensated.

43. On September 29, 2020, Penick duly and timely recorded as Document No. 2020023610 in the Office of the County Recorder of San Francisco, a mechanics lien duly verified, containing all the statements required by law, setting forth the amount of $1,053,174.90 due to Penick for the labor, services, equipment and/or materials it provided on the work of improvement on the Property ("Mechanics Lien"), no part of which has been repaid. A true and correct copy of the Mechanics Lien is attached as Exhibit 3 to this pleading.

44. Penick paid the requisite recording fee for the Mechanics Lien, no part of which has been repaid.

45. Prior to recording the Mechanics Lien, Penick timely complied with the applicable provisions of California Civil Code section 8200, et seq., and 8400, et seq., including but not limited to the timely service of a preliminary notice, as applicable.

46. Penick is informed and believes and alleges that Cross-Defendants have or claim to have an interest in the Property, which interests are adverse to Penick's. The interests of Cross-Defendants are subject to, and subordinate to, the Mechanics Lien.

47. Penick duly provided labor, services, equipment and/or materials improving the Property. Penick was not fully paid for all the labor, services, equipment and/or materials it provided. Penick recorded the Mechanics Lien and seeks to foreclose on it.

48. Penick therefore seeks judgment against Cross-Defendants, as set forth in the Mechanics Lien, together with interest at the maximum legal rate. Such amount should be adjudged to be a lien on Cross-Defendants' right, title, ownership and/or possessory interest in the Property, and those interests in the Property should be decreed to be sold by the Sheriff of the County of San Francisco, by a Commissioner appointed by the Court, or such other appropriate agency, according to law and practice of this Court, and that the proceeds of the sale be applied to satisfy Penick's judgment.

**PRAYER FOR RELIEF**

Accordingly, Cross-Claimant T.B. Penick & Sons, Inc. requests entry of judgment as follows:

ON THE FIRST CROSS-CLAIM:

1. For indemnity and reimbursement from West of all damages, costs, expenses, attorneys' fees, or losses incurred by Penick because of West's breach of the Assignment.

ON THE SECOND CROSS-CLAIM:

1. For indemnity and reimbursement from West of all damages, costs, expenses, attorneys' fees, or losses incurred by Penick because of West's breach of the Assignment; and

2. For reasonable attorneys' fees, costs, and expenses, pursuant to the Assignment.

ON THE THIRD CROSS-CLAIM:

1. For damages in an amount subject to proof, but approximately $1,053,174.90;

2. For reasonable attorneys' fees, costs, and expenses, pursuant to the Assignment; and

3. For attorneys' fees and prompt payment penalties of 2 percent per month on all retention amounts not paid when due in amounts according to proof, pursuant to Civil Code section 8818.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

ON THE FOURTH CROSS-CLAIM:

1. For damages in an amount subject to proof, but approximately $1,053,174.90;

2. For reasonable attorneys' fees, costs, and expenses, pursuant to the Construction Contract and California Civil Code section 1717; and

3. For attorneys' fees and prompt payment penalties of 2 percent per month on all amounts not paid when due in amounts according to proof, pursuant to Civil Code sections 8800 and 8818.

ON THE FIFTH CROSS-CLAIM:

1. For damages in an amount subject to proof, but approximately $1,053,174.90.

ON THE SIXTH CROSS-CLAIM:

1. For damages in an amount subject to proof, but approximately $1,053,174.90, to be ordered as a lien against the Property, senior and superior to any claim of right, title or interest in or to the real property of any Cross-Defendant, and that the real property be ordered sold by the Sheriff of San Francisco County, California, according to law, and that all proceeds of sale be applied to Penick's claim and to the cost of these proceedings and the sale of the real property; and

2. For the costs incurred in recording the verified mechanics lien claim.

ON ALL CAUSES OF ACTION:

1. For prejudgment interest on all sums at the maximum rates and from dates according to proof;

2. For costs of suit; and

3. For such other relief the Court deems just.

DATED: October 14, 2020        **MARKS, GOLIA & PINTO, LLP**

By:   /s/  Davide Golia  
DAVIDE GOLIA  
Attorneys for Defendant and Cross-Claimant,  
T.B. PENICK & SONS, INC.

**DEMAND FOR JURY TRIAL**

Defendant and Cross-Claimant T.B. Penick & Sons, Inc. hereby demands a trial by jury.

DATED: October 14, 2020            **MARKS, GOLIA & PINTO, LLP**

By:    /s/   Davide Golia
       DAVIDE GOLIA
       Attorney for Defendant and Cross-Claimant,
       T.B. PENICK & SONS, INC.